[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action in three counts alleging in the first count non-payment of rent and costs of eviction. The second and third counts allege various claims of damage to the rental property by the defendants.
First Count: The named parties entered into a lease agreement for the rental of a single family home for a term of one year from June 30, 1989 to June 30, 1990. The monthly rental CT Page 587 was $1,185.00. The tenant (Hitchcock) was responsible for utilities including water. (Exhibit 1).
In November 1989, Mr. Hitchcock determined that he would not be able to keep up with the rental payments and advised Mr. Eissa he would be moving before January 1, 1990. That prompted Mr. Eissa to serve a Notice to Quit on the defendant to avoid delay should he not move within the time he stated. The Notice to Quit was based on non-payment of the rent due on November 1st.
In the first count the Court finds the issues for the plaintiff and awards the following damages:
 Balance of rental due November 1, 1989 $885.00 (The defendant paid $900.00 to the defendant, but $600.00 of that was applied to a water bill which was the defendant's responsibility).
Rental due for December, 1989 and January, 1990 2,370.00
 Costs of eviction (entry fee, sheriff's fee 275.80 and Attorney's fee).
 Attorneys fees for this action (per lease agreement) 300.00
 Entry fee ($125.00) and sheriff's fee for this action ($38.40) 163.40
Sub Total $3,994.20
Credit for Security Deposit 2,370.00
Total $1,624.20
Second Count: The plaintiff has alleged several items of alleged damage to the premises by Mr. Hitchcock. Those items for which he claims compensation are discussed as follows:
1. Garage door openers: this claim is admitted and the damages are assessed at $77.25 (Exhibit 4).
2. Repair of broken screens and windows: The claim is admitted by the defendant in his answer. Damages are assessed at $126.40. (Exhibit 6)
3. Paint: CT Page 588
4. Repairs to Floor: These claims (3 and 4) are disallowed. The Court finds that the defendant made reasonable efforts to maintain the premises in good condition. He did some interior painting and papering. It is not unusual for an apartment to need some cleaning, painting or papering between tenants and the Court finds in this respect that only normal wear and tear took place. With respect to the floor sanding, the plaintiff asked the defendant to leave his air compressor on site after he had vacated the property and indicated that he (the plaintiff) would finish up or take care of the unfinished items. Most of the floor had been sanded by the defendant by that.
5. Oil: The lease provides that the tenant would leave a full tank of oil and he did not do so. Damage for this item is assessed at $217.21.
Third Count: In this count the plaintiff alleges the same damages against Puddy Purcell as he alleged against the named defendant. Although Ms. Purcell was defaulted for failure to appear, the plaintiff has failed to prove she is responsible for or that she caused any of the damages to the property. Accordingly no damages are awarded against her and judgment shall enter for the defendant, Puddy Purcell.
Judgment shall enter for the plaintiff against the defendant Jeffrey Hitchcock only, in the total amount of $2,045.06.
KLACZAK, JUDGE